1
2
3
4
5
6                    **UNITED STATES DISTRICT COURT**
7                          **DISTRICT OF NEVADA**
8
9    ROBERT LLOYD BUTTERFIELD,            )
10                  Petitioner,            )          3:06-cv-00632-LRH-VPC
                                           )
11   vs.                                   )
                                           )          <u>ORDER</u>
12   DIRECTOR, NEVADA DEPARTMENT           )
     OF CORRECTIONS, *et al.*,             )
13                  Respondents.           )
14   _____/

15        Petitioner is a state prisoner proceeding on a *pro se* petition for a writ of habeas corpus,
16   pursuant to 28 U.S.C. §2254.  This matter comes before the Court on the merits of the petition.
17   **I. Procedural History**
18        On January 21, 2004, a criminal complaint was filed in the Justice Court of Las Vegas
19   Township, Clark County, charging petitioner with two counts of lewdness with a child under the age
20   of 14 and two counts of sexual assault with a minor under 14 years of age.  On February 6, 2004, an
21   amended criminal complaint was filed charging petitioner with 5 counts of lewdness with a child
22   under the age of 14, and 3 counts of sexual assault with a minor under 14 years of age.  (Exhibit 1).[1]
23   A preliminary hearing was held on February 13, 2004.  (Exhibit 2).  Petitioner was bound over to the
24   district court, and the justice court allowed amendment of the complaint to add an additional count
25   of lewdness with a minor.  Petitioner was bound over on 9 felony counts – 5 counts of sexual assault
26   upon a minor and 4 counts of lewdness with a minor.  (*Id.*, at p. 41).
27
28        _____
              [1]  The exhibits referenced in this order are found in the Court's record at Docket #11.

1     On February 17, 2004, an information was filed in the Eighth Judicial District Court for the

2 State of Nevada, charging petitioner with five counts of sexual assault upon a minor and four counts

3 of lewdness with a minor.  (Exhibit 3).  Petitioner was arraigned on March 2, 2004.

4     On November 2, 2004, petitioner changed his plea to guilty, pursuant to *North Carolina v.*

5 *Alford*, 400 U.S. 25, 91 (1970).  (Exhibit 7).  An amended information was filed on November 2,

6 2004, charging petitioner with two counts of sexual assault with a minor under sixteen years of age

7 (Counts 1 and 2) and one count of attempted sexual assault with a minor under fourteen years of age

8 (Count 3).  (Exhibit 8).  Petitioner signed a plea agreement, pleading guilty to Counts 1, 2, and 3,

9 which was filed on the same date, November 2, 2004.  (Exhibit 9).  On January 6, 2005, petitioner

10 was sentenced to the following: On Count 1, to a minimum of 5 years and maximum of 20 years in

11 the Nevada Department of Corrections; on Count 2, to a minimum of 5 years and a maximum of 20

12 years in the Nevada Department of Corrections, consecutive to Count 1; and on Count 3, to a

13 minimum of 96 months and a maximum of 240 months in the Nevada Department of Corrections,

14 consecutive to Count 1.  Petitioner was granted 373 days credit for time served.  (Exhibit 10).

15 Petitioner was assessed a $25.00 administrative assessment fee and a $150.00 DNA analysis fee.

16 (*Id.*).  Petitioner was ordered to register as a sex offender and was given Lifetime Supervision to

17 commence upon his release from any term of probation, parole, or imprisonment.  (*Id.*).  The

18 judgment of conviction was entered on January 14, 2005.  (Exhibit 11).

19     On February 14, 2005, petitioner filed a notice of appeal.  (Exhibit 12).  On July 29, 2005, the

20 Nevada Supreme Court filed its order of affirmance.  (Exhibit 14).

21     On April 14, 2006, petitioner filed a post-conviction habeas petition in state district court.

22 (Exhibit 16).  On July 5, 2006, the state district court entered a written order denying petitioner's

23 state habeas petition.  (Exhibit 19).  Petitioner appealed from the denial of his state habeas petition.

24 On September 20, 2006, the Nevada Supreme Court entered its order of affirmance.  (Exhibit 20).

25     Petitioner dispatched the instant federal habeas petition on November 13, 2006.  The Court

26 received the petition on November 16, 2006.  (Docket #1-1, 1-2).  Petitioner raises four grounds for

27 relief in his federal petition.  (*Id.*).

28

1  Respondents have filed an answer to the petition, and petitioner has filed a reply brief.  The

2  matter is ripe for decision on the merits.

3  **II.  Federal Habeas Corpus Standards**

4  The Antiterrorism and Effective Death Penalty Act ("AEDPA"), at 28 U.S.C. § 2254(d),

5  provides the legal standard for the Court's consideration of this habeas petition:

6  An application for a writ of habeas corpus on behalf of a person in
   custody pursuant to the judgment of a State court shall not be granted
7  with respect to any claim that was adjudicated on the merits in State
   court proceedings unless the adjudication of the claim –
8
9  (1) resulted in a decision that was contrary to, or involved an
   unreasonable application of, clearly established Federal law, as
   determined by the Supreme Court of the United States; or
10
11 (2) resulted in a decision that was based on an unreasonable
   determination of the facts in light of the evidence presented in the
   State court proceeding.
12

13 The AEDPA "modified a federal habeas court's role in reviewing state prisoner applications

14 in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect

15 to the extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693-694 (2002).  A state court

16 decision is contrary to clearly established Supreme Court precedent, within the meaning of 28 U.S.C.

17 § 2254, "if the state court applies a rule that contradicts the governing law set forth in [the Supreme

18 Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from

19 a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme

20 Court's] precedent." *Lockyer v. Andrade,* 538 U.S. 63, 73 (2003) (quoting *Williams v. Taylor,* 529

21 U.S. 362, 405-406 (2000) and citing *Bell v. Cone,* 535 U.S. 685, 694 (2002)).

22 A state court decision is an unreasonable application of clearly established Supreme Court

23 precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court identifies the correct

24 governing legal principle from [the Supreme Court's] decisions but unreasonably applies that

25 principle to the facts of the prisoner's case." *Lockyer v. Andrade,* 538 U.S. at 75 (quoting *Williams,*

26 529 U.S. at 413).  The "unreasonable application" clause requires the state court decision to be more

27 than merely incorrect or erroneous; the state court's application of clearly established federal law

28

3

1   must be objectively unreasonable.  *Id.* (quoting *Williams*, 529 U.S. at 409).  In determining whether a

2   state court decision is contrary to, or an unreasonable application of federal law, this Court looks to

3   the state courts' last reasoned decision.  *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991);

4   *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000), *cert. denied*, 534 U.S. 944 (2001).

5        Moreover, "a determination of a factual issue made by a State court shall be presumed to be

6   correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by

7   clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

8   **III. Discussion**

9        **A. Ground One**

10       In Ground One of the federal habeas petition, petitioner alleges that his right to a voluntary

11  plea was violated and also alleges ineffective assistance of both trial and appellate counsel.  (Docket

12  #4, Petition, at p. 3).  Petitioner alleges that trial counsel failed to investigate facts, interview

13  witnesses, advise petitioner, and prepare for trial.  (*Id.*).  Petitioner alleges that trial counsel provided

14  alibi information to the district attorney, who then maliciously changed the dates in the criminal

15  information.  (*Id.*).  Petitioner alleges that appellate counsel failed to raise any constitutional grounds

16  except a "weak claim."  (*Id.*).

17       Ineffective assistance of counsel claims are governed by the two-part test announced in

18  *Strickland v. Washington,* 466 U.S. 668 (1984).  In *Strickland*, the Supreme Court held that a

19  petitioner claiming ineffective assistance of counsel has the burden of demonstrating that (1) the

20  attorney made errors so serious that he or she was not functioning as the "counsel" guaranteed by the

21  Sixth Amendment, and (2) that the deficient performance prejudiced the defense.  *Williams v.*

22  *Taylor,* 529 U.S. 362, 390-391 (2000) (citing *Strickland,* 466 U.S. at 687).  To establish

23  ineffectiveness, the defendant must show that counsel's representation fell below an objective

24  standard of reasonableness.  *Id.*  To establish prejudice, the defendant must show that there is a

25  reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

26  would have been different.  *Id.*  A reasonable probability is "probability sufficient to undermine

27  confidence in the outcome."  *Id.*  Additionally, any review of the attorney's performance must be

28

4

1    "highly deferential" and must adopt counsel's perspective at the time of the challenged conduct, in

2    order to avoid the distorting effects of hindsight.  *Strickland,* 466 U.S. at 689.  It is the petitioner's

3    burden to overcome the presumption that counsel's actions might be considered sound trial strategy.

4    *Id.*

5            Ineffective assistance of counsel under *Strickland* requires a showing of deficient

6    performance of counsel resulting in prejudice, "with performance being measured against an

7    'objective standard of reasonableness,'. . . 'under prevailing professional norms.'" *Rompilla v.*

8    *Beard,* 545 U.S. 374, 380 (2005) (quotations omitted).  If the state court has already rejected an

9    ineffective assistance claim, a federal habeas court may only grant relief if that decision was contrary

10   to, or an unreasonable application of the *Strickland* standard.  *See Yarborough v. Gentry,* 540 U.S. 1,

11   5 (2003).  There is a strong presumption that counsel's conduct falls within the wide range of

12   reasonable professional assistance.  *Id.*

13           Petitioner presented the claims in Ground One to the state courts in his state habeas petition.

14   (Exhibit 16).  The Nevada Supreme Court ruled on these claims on the merits, as follows:

15                   First, appellant claimed that his trial counsel failed to investigate facts,
                 interview witnesses, advise appellant of the defense strategy and
16               prepare for trial.  Appellant failed to set forth what facts were not
                 investigated, what witnesses should have been interviewed, what
17               defense strategies should have been discussed and what further
                 preparations should have been conducted or how further investigation
18               and preparation would have altered his decision to enter a guilty plea.
                 Thus, the district court did not err in denying these claims as appellant
19               has failed to demonstrate that his trial counsel's performance was
                 deficient or that he was prejudiced.
20
                     Second, appellant claimed that his trial counsel informed the district
21               attorney of his alibi for the dates set forth in the criminal complaint
                 and that this information allowed the district attorney to alter the dates
22               at the preliminary hearing.  Appellant claimed that he was actually
                 innocent and that his attorney failed to adequately investigate his claim
23               of innocence.  Appellant failed to demonstrate that his trial counsel's
                 performance was deficient or that he was prejudiced.  Appellant's
24               claim that his trial counsel informed the district attorney about his alibi
                 is based on mere speculation without any support in the record on
25               appeal.  The record reveals that the district attorney moved to amend
                 the time span in the criminal complaint to correspond with the
26               testimony of the victim at the preliminary hearing.  Appellant failed to
                 indicate what further investigation should have been performed in this
27               regard and how this investigation would have altered his decision to

28                                                        5

1
2
3
4
5
6
7

enter a guilty plea.  Appellant's <u>Alford</u> plea signified that he maintained his innocence, but that he believed it was in his best interests to enter a plea.  Appellant received substantial benefit by entry of his guilty plea in the instant case.  Appellant was originally charged with five counts of sexual assault on a minor under the age of fourteen and four counts of lewdness with a minor under the age of fourteen.  A conviction on the original charges may have resulted in the imposition of multiple life sentences.  However, appellant entered into negotiations whereby he stipulated to sentences of five to twenty years on each of the sexual assault counts and the parties were free to argue on the attempted assault count.  Appellant's potential liability was significantly reduced by his guilty plea.  Therefore, we conclude that the district court did not err in denying this claim.

8   (Exhibit 20, at pp. 2-4).  After ruling that trial counsel was not ineffective under the *Strickland*

9   standard, the Nevada Supreme Court went on to rule that appellate counsel was not ineffective:

10
11
12
13
14
15

Appellant claimed that his appellate counsel was ineffective for failing to raise constitutional grounds on appeal, failing to remove herself from the appeal and for arguing only one frivolous ground on appeal.  Appellant failed to demonstrate that his appellate counsel's performance was deficient or that he was prejudiced.  Appellant failed to identify the grounds that he believed should have been raised on direct appeal or demonstrate that such grounds would have had a reasonable probability of altering the outcome on appeal.  Appellant failed to demonstrate that appellate counsel should have been removed.  Therefore, we conclude that the district court did not err in denying the claim.

16   (Exhibit 20, at p. 6).  The factual findings of the state court are presumed correct.  28 U.S.C. §

17   2254(e)(1).  Petitioner has failed to meet his burden of proving that the state court's ruling was

18   contrary to, or involved an unreasonable application of, clearly established federal law, as

19   determined by the United States Supreme Court, or that the ruling was based on an unreasonable

20   determination of the facts in light of the evidence presented in the state court proceeding.  This Court

21   will deny habeas relief as to Ground One.

22      **B. Ground Two**

23      In Ground Two, petitioner alleges his right to the "defense of actual innocence" was violated,

24   claiming that his counsel provided alibi information to the district attorney, who then maliciously

25   changed the dates in the criminal information.  (Docket #4, Petition, at p. 5).  This ground was

26   addressed by the Nevada Supreme Court, as follows:

27

28
                                                6

1
2
3

> Appellant's claim that his trial counsel informed the district attorney
> about his alibi is based on mere speculation without any support in the
> record on appeal.  The record reveals that the district attorney moved
> to amend the time span in the criminal complaint to correspond with
> the testimony of the victim at the preliminary hearing.

4   (Exhibit 20, at p. 3).  The factual findings of the state court are presumed correct.  28 U.S.C. §

5   2254(e)(1).  Petitioner has failed to meet his burden of proving that the state court's ruling was

6   contrary to, or involved an unreasonable application of, clearly established federal law, as

7   determined by the United States Supreme Court, or that the ruling was based on an unreasonable

8   determination of the facts in light of the evidence presented in the state court proceeding.  This Court

9   will deny habeas relief as to Ground Two.

10          **C. Ground Three**

11          In Ground Three, petitioner alleges that the sentencing structure promised to him by counsel

12  did not come to fruition.  Petitioner further alleges that he sent a motion to withdraw his plea and the

13  court clerk did not file the motion, but forwarded it to counsel, who also failed to file the motion.

14  (Docket #4, Petition, at p. 7).  As to the claim that the sentence rendered was not what was promised

15  to him, the Nevada Supreme Court ruled that:

16
17
18
19
20
21
22

> Appellant failed to indicate what alleged promised plea term was
> omitted from the plea agreement.  The totality of circumstances reveals
> that appellant was made aware of the consequences of his plea.  The
> written guilty plea agreement correctly informed appellant of the
> negotiations, the potential penalties he faced and the constitutional
> rights that he waived by entry of his guilty plea.  The district court
> further personally canvassed appellant about his understanding of the
> negotiations and the consequences of his guilty plea.  The State
> provided a factual basis for this plea, and the appellant affirmatively
> indicated that he was entering his plea because it was in his best
> interests.  Therefore, we conclude that the district court did not err in
> denying the claim.

23  (Exhibit 20, at pp. 7-8).  As to petitioner's claim that his trial counsel failed to file a motion to

24  withdraw the guilty plea, the Nevada Supreme Court ruled as follows:

25
26
27

> Fourth, appellant claimed that his trial counsel was ineffective for
> failing to file a presentence motion to withdraw a guilty plea.
> Appellant failed to demonstrate that his counsel's performance was
> deficient or that he was prejudiced.  Appellant failed to set forth the
> grounds of the presentence motion and demonstrate that such a motion

28

1      would have provided a reason that was fair and just to permit
       withdrawal of the guilty plea.  Therefore, we conclude that the district
2      court did not err in denying this claim.

3  (Exhibit 20, at pp. 4-5).  The factual findings of the state court are presumed correct.  28 U.S.C. §

4  2254(e)(1).  Petitioner has failed to meet his burden of proving that the state court's ruling was

5  contrary to, or involved an unreasonable application of, clearly established federal law, as

6  determined by the United States Supreme Court, or that the ruling was based on an unreasonable

7  determination of the facts in light of the evidence presented in the state court proceeding.  This Court

8  will deny habeas relief as to Ground Three.

9      **D.  Ground Four**

10      In Ground Four, petitioner alleges that neither counsel nor the court advised him of the "true

11  consequences of lifetime supervision."  (Docket #4, Petition, at p. 7).  The Nevada Supreme Court

12  addressed this claim as set forth below:

13      Fifth, appellant claimed that his trial counsel was ineffective for failing
       to inform him about the precise conditions that could be imposed in
14     the special sentence of lifetime supervision.  Appellant failed to
       demonstrate that his trial counsel's performance was deficient or that
15     he was prejudiced. The particular conditions of lifetime supervision
       are tailored to each individual case and, notably, are not determined
16     until after a hearing is conducted just prior to the expiration of the sex
       offender's completion of a term of parole or probation, or release from
17     custody.  Thus, all that is constitutionally required is that the totality of
       circumstances demonstrate that a petitioner was aware that he would
18     be subject to the consequence of lifetime supervision before entry of
       the plea and not the precise conditions of lifetime supervision.  Here,
19     appellant was informed in the written guilty plea agreement and in the
       guilty plea canvass that he was subject to the special sentence of
20     lifetime supervision.  Therefore, we conclude that the district court did
       not err in denying this claim.

21

22  (Exhibit 20, at pp. 5-6).  The factual findings of the state court are presumed correct.  28 U.S.C. §

23  2254(e)(1).  Petitioner has failed to meet his burden of proving that the state court's ruling was

24  contrary to, or involved an unreasonable application of, clearly established federal law, as

25  determined by the United States Supreme Court, or that the ruling was based on an unreasonable

26  determination of the facts in light of the evidence presented in the state court proceeding.  This Court

27  will deny habeas relief as to Ground Four.

28

1    **IV.  Certificate of Appealability**

2         In order to proceed with his appeal, petitioner must receive a certificate of appealability.  28

3    U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1;  *Allen v. Ornoski,* 435 F.3d 946, 950-951

4    (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001).  Generally, a

5    petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a

6    certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84

7    (2000).  "The petitioner must demonstrate that reasonable jurists would find the district court's

8    assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484).  In

9    order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are

10   debatable among jurists of reason; that a court could resolve the issues differently; or that the

11   questions are adequate to deserve encouragement to proceed further. *Id.*

12        Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing Section

13   2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in the

14   order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice

15   of appeal and request for certificate of appealability to be filed.  Rule 11(a).  This Court has

16   considered the issues raised by petitioner, with respect to whether they satisfy the standard for

17   issuance of a certificate of appealability, and determines that none meet that standard.  The Court

18   will therefore deny petitioner a certificate of appealability.

19   **V.  Conclusion**

20        **IT IS THEREFORE ORDERED** that the petition for a writ of habeas corpus is **DENIED**

21   **IN ITS ENTIRETY**.

22        **IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF**

23   **APPEALABILITY.**

24   ///

25   ///

26   ///

27   ///

28
                                                          9

1    **IT IS FURTHER ORDERED** that the Clerk **SHALL ENTER JUDGMENT**

2  **ACCORDINGLY.**

3      DATED this 22nd day of December, 2009.

4

5                                                        _____

6                                                        LARRY R. HICKS
                                                         UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28